UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

LAUREN BRIDGES,

    Plaintiff,

v.

MAXUM INDEMNITY CO.,
STARSTONE SPECIALTY
INSURANCE CO., and
LANDMARK AMERICAN
INSURANCE CO.,

    Defendants.
_____/

Case No. 24-10139

Hon. George Caram Steeh

OPINION AND ORDER GRANTING DEFENDANTS'
MOTIONS TO DISMISS (ECF NOS. 13, 20) AND
DENYING PLAINTIFF'S MOTION TO AMEND (ECF NO. 19)

Plaintiff Lauren Bridges brought this declaratory judgment and breach of contract action against three insurance companies: Maxum Indemnity Company, StarStone Specialty Insurance Company, and Landmark American Insurance Company. Maxum and Landmark filed motions to dismiss the complaint pursuant to Federal Rule of Civil Procedure 12(b)(6). Plaintiff filed a motion to amend the complaint to add a bad faith claims against each of the defendants. Because there is no coverage under the Maxum and Landmark policies, Defendants' motions are granted. Plaintiff's motion to amend is denied due to the futility of the proposed amendments.

- 1 -

BACKGROUND FACTS

Plaintiff seeks insurance coverage for a malpractice claim she asserted against her attorneys, McKeen & Associates, P.C. ("McKeen"). McKeen represented Plaintiff in a medical malpractice case filed in the Superior Court of Alaska in 2017. This underlying action was dismissed against the various defendants in June and July 2018, because McKeen failed to file timely responses to the defendants' motions for summary judgment. ECF No.1 at ¶¶ 17-18. In October 2018, the court denied the plaintiff's motion for reconsideration and entered judgment in favor of the defendants. *Id.* at ¶ 19.

However, in April 2019, the court granted plaintiff's Rule 60(b) motion for relief from judgment and reinstated the underlying action. *Id.* at ¶ 20. The defendants appealed this ruling to the Alaska Supreme Court in May 2019. *Id.* at ¶ 21. McKeen informed Maxum and StarStone of these events on April 20, 2020, and May 23, 2020, respectively. *Id.* at ¶¶ 22, 23. Plaintiff alleges, upon information and belief, that McKeen also notified Landmark of the potential claim during the policy period. *Id.* at ¶ 24.

After some delay likely caused by the pandemic, the Alaska Supreme Court issued a decision on January 22, 2022, reversing the lower court and remanding for the entry of judgment in favor of the defendants. *Id.* at ¶ 27.

Plaintiff asserted claims of professional negligence against McKeen on February 18, 2022. *Id.* at ¶ 29. Maxum, StarStone, and Landmark declined to defend and indemnify McKeen for Plaintiff's claims. *Id.* at ¶¶ 30-32. Subsequently, McKeen settled with Plaintiff and assigned her its claims under the Maxum, StarStone, and Landmark policies. *Id.* at ¶ 33. Plaintiff seeks a declaratory judgment that coverage is owed under the policies and that Defendants breached the policies by failing to defend and indemnify McKeen.

## LAW AND ANALYSIS

I.  Legal Standards

To survive a motion to dismiss under Rule 12(b)(6), a plaintiff must allege facts that, if accepted as true, are sufficient "to raise a right to relief above the speculative level" and to "state a claim to relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007); *see also Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). The complaint "must contain either direct or inferential allegations respecting all the material elements to sustain a recovery under some viable legal theory." *Advocacy Org. for Patients & Providers v. Auto Club Ins. Ass'n*, 176 F.3d 315, 319 (6th Cir. 1999) (internal quotation marks omitted).

When ruling on a motion to dismiss, the court may "consider the Complaint and any exhibits attached thereto, public records, items appearing in the record of the case and exhibits attached to defendant's motion to dismiss so long as they are referred to in the Complaint and are central to the claims contained therein." *Bassett v. Nat'l Collegiate Athletic Ass'n*, 528 F.3d 426, 430 (6th Cir. 2008). In this case, the court may consider the insurance policies at issue, because they are referred to in the complaint and are central to Plaintiff's claims. *Id.; see also Amir v. AmGuard Ins. Co.*, 606 F. Supp. 3d 653, 659 (E.D. Mich. 2022).

The parties agree that Michigan law applies. The elements of a breach of contract claim are as follows: "(1) the existence of a contract between the parties, (2) the terms of the contract require performance of certain actions, (3) a party breached the contract, and (4) the breach caused the other party injury." *Burton v. William Beaumont Hosp.*, 373 F. Supp.2d 707, 718 (E.D. Mich. 2005) (citation omitted). "An insurance policy is much the same as any other contract." *Auto-Owners Ins. Co. v. Churchman*, 440 Mich. 560, 566, 489 N.W.2d 431 (1992). "Accordingly, the court must look at the contract as a whole and give meaning to all terms." *Id.* The court construes unambiguous contractual language as written, and the enforcement of an unambiguous contract is a question of law for the

court. *Quality Prod. & Concepts Co. v. Nagel Precision, Inc.*, 469 Mich. 362, 375, 666 N.W.2d 251, 259 (2003).

    II.    <u>The Maxum Policy</u>

Maxum issued a professional responsibility policy to McKeen, effective May 2, 2018, to May 2, 2019. *See* ECF No. 13-2. The Maxum policy is a "claims made" policy, meaning that coverage is provided for claims made during the policy period. *See Stine v. Cont'l Cas. Co.*, 419 Mich. 89, 98, 349 N.W.2d 127, 130-31 (1984) ("An 'occurrence' policy protects the policyholder from liability for any act done while the policy is in effect, whereas a 'claims made' policy protects the holder only against claims made during the life of the policy.") (citation omitted). The policy provides:

> THIS IS A "CLAIMS-MADE AND REPORTED" POLICY WHICH PROVIDES PROFESSIONAL LIABILITY COVERAGE FOR THOSE CLAIMS THAT OCCUR SUBSEQUENT TO THE RETROACTIVE DATE STATED IN THE DECLARATIONS AND WHICH ARE FIRST MADE AGAINST YOU AND REPORTED TO US WHILE THIS POLICY IS IN FORCE. NO COVERAGE EXISTS FOR CLAIMS FIRST MADE AGAINST YOU AND REPORTED TO US AFTER THE END OF THE POLICY PERIOD UNLESS, AND TO THE EXTENT, AN EXTENDED REPORTING PERIOD APPLIES.

ECF No. 13-2 at PageID 154. Maxum agreed to cover "'Claim[s]' first made against the 'Insured' and reported to us in writing during the 'Policy Period' or 'Extended Reporting Period.'" *Id.* The policy defines "Claim" as "a written demand for monetary damages arising out of or resulting from the

performance of or failure to perform 'Professional Services.'" *Id.* at PageID 155.

McKeen purchased an optional, extended claim reporting period of two years. *See* ECF No. 13-2 at PageID 162-63, 172. This extended reporting period was in effect from June 2, 2019, until June 2, 2021. *Id.* at PageID 185, 187.

According to the complaint, Plaintiff asserted a professional negligence claim against McKeen on February 18, 2022. This claim was made after the policy period and the extended reporting period expired. As a result, Maxum argues that there is no coverage under the policy. *See Stine*, 419 Mich. at 107 (no coverage for claim under "claims made" policy for claim made after expiration of policy).

Plaintiff argues that McKeen notified Maxum of a potential claim on April 20, 2020, during the extended reporting period, and thus coverage should be provided. However, by its terms, the policy requires that a "claim" be reported during the policy period or extended reporting period. "Potential claims" are treated differently, and must be reported during the "policy period":

> If *during the "Policy Period"* the "Insured" shall become aware of any "Wrongful Act" that may reasonably be expected to be the basis of a "Claim" against the "Insured" and if the "Insured" shall *during the "Policy Period"* give

- 6 -

>written notice to the Company of such "Wrongful Act" and the reason for anticipating a "Claim" . . . then any such "Claim" that may subsequently be made against the "Insured" arising out of such "Wrongful Act" shall be deemed for the purposes of this insurance to have been made during the "Policy Period".

ECF No. 13-2 at PageID 160 (emphasis added). The policy provides that potential claims must be reported during the "policy period" (not the "extended reporting period") for coverage to apply to a subsequent actual claim. *Id.* McKeen's April 20, 2020 notice of Maxum of a potential claim did not occur during the policy period of May 2, 2018, to May 2, 2019. And because Plaintiff's February 18, 2022 claim was made after the expiration of the policy period and extended reporting period, no coverage is afforded under the Maxum policy.

### III. The Landmark Policy

Landmark issued an excess professional liability policy to McKeen effective May 2, 2019, to May 2, 2020. ECF No. 21-2 at PageID 567. The Landmark Policy excludes coverage for claims "based upon, arising out of, directly or indirectly resulting from, or in any way involving any **Wrongful Act** prior to the **Retroactive Date** or any subsequent **Related Wrongful Act**." ECF No. 21-3 at PageID 588 (emphasis in original). The "Retroactive Date" is May 2, 2019. *Id.* at 583; ECF No. 21-2 at PageID 567-69. "Wrongful Act" is defined as "any actual or alleged act, error, omission, or

- 7 -

**Personal Injury** arising out of **Professional Services** rendered by an **Insured** for others." ECF No. 21-3 at PageID 588 (emphasis in original).

Landmark contends that the wrongful acts upon which Plaintiff's claim is based occurred in June and July 2018, when McKeen failed to file timely responses to the defendants' summary judgment motions in the underlying action. Plaintiff asserts that, because the Alaska Superior Court granted her motion for relief from judgment in April 2019, and reinstated the case, there were no wrongful act as of the effective date of the policy. Plaintiff further contends that no wrongful act became apparent until the Alaska Supreme Court reversed the lower court and remanded for dismissal of Plaintiff's claim on January 21, 2022.

The Alaska court decisions do not constitute "wrongful acts" under the plain policy terms, which define wrongful acts as any "act, error, [or] omission . . . arising out of Professional Services rendered by" McKeen. In other words, a wrongful act is one that is committed by the insured rather than third party. The act, error, or omission giving rise to Plaintiff's claim was McKeen's failure to timely respond to summary judgment motions in 2018, before the retroactive date of May 2, 2019. Wrongful acts that occurred before that date are clearly excluded from coverage under the Landmark policy. *See Stine*, 419 Mich. at 113-14 (upholding policy

language providing that "the covered error or omission or act of negligence must have occurred during the policy period").

IV. Plaintiff's Motion to Amend

Plaintiff seeks leave to amend her complaint to add claims of bad faith against Maxum, Landmark, and StarStone. Defendants oppose Plaintiff's request. Federal Rule of Civil Procedure 15(a) governs amendments to pleadings and provides that "[t]he court should freely give leave when justice so requires." *Id.* "In deciding whether to allow an amendment, the court should consider the delay in filing, the lack of notice to the opposing party, bad faith by the moving party, repeated failure to cure deficiencies by previous amendments, undue prejudice to the opposing party, and futility of amendment." *Perkins v. American Elec. Power Fuel Supply, Inc.*, 246 F.3d 593, 605 (6th Cir. 2001).

Defendants opposes Plaintiff's motion on futility grounds. *See Rose v. Hartford Underwriters Ins. Co.*, 203 F.3d 417, 420 (6th Cir. 2000). "A proposed amendment is futile if the amendment could not withstand a Rule 12(b)(6) motion to dismiss." *Id.*

Plaintiff alleges that the Defendants acted in bad faith by failing to timely or reasonably settle or investigate Plaintiff's claim against McKeen. *See* Proposed Amended Complaint, ECF No. 19-1. Because the court has

determined that there was no coverage under the Maxum and Landmark policies, a claim based upon bad faith breach of those contracts is not viable. *See Aetna Cas. & Sur. Co. v. Dow Chem. Co.*, 883 F. Supp. 1101, 1111 (E.D. Mich. 1995) ("Where the express terms of a contract govern the disputed issue, a court should not imply a duty of good faith.").

Unlike the claims against Maxum and Landmark, Plaintiff's breach of contract claim against StarStone, who answered the complaint, remains. Therefore, the court will consider whether Plaintiff may assert a viable bad faith claim against StarStone. Under Michigan law, insurers have "the duty to act in good faith in negotiating a settlement within the policy limits, and the duty to act in good faith in investigating and paying claims." *Trident Fasteners, Inc. v. Selective Ins. Co. of S.C.*, 533 F. Supp.3d 560, 565 (W.D. Mich. 2021), *aff'd*, 2022 WL 3088238 (6th Cir. Aug. 3, 2022) (citation omitted); *see also Commercial Union Ins. Co. v. Liberty Mut. Ins. Co.*, 426 Mich. 127, 138, 393 N.W.2d 161, 165 (1986); *Stryker Corp. v. XL Ins. Am., Inc.*, 2018 WL 3950899, at *6 (W.D. Mich. Aug. 17, 2018) (noting that "a claim of bad faith typically arises when the insurer fails to settle a claim within the limits of the insurer's policy, causing the insured or an excess carrier to be liable for a judgment in excess of the insurer's policy limits").

However, an insurer's duty to defend, investigate, and participate in settlement negotiations does not arise until a lawsuit is filed against the insured. *Trident*, 533 F. Supp. 3d at 565-66. In this case, Plaintiff did not file suit against McKeen. *See* ECF No. 1 at ¶ 33. Accordingly, StarStone's duty to defend or settle in good faith did not arise and an action for bad faith would be futile.

## CONCLUSION

IT IS HEREBY ORDERED that Maxum and Landmark's motions to dismiss (ECF Nos. 13, 20) are GRANTED and Plaintiff's motion to amend (ECF No. 19) is DENIED.

Dated: November 5, 2024

s/George Caram Steeh
HON. GEORGE CARAM STEEH
UNITED STATES DISTRICT JUDGE

---

CERTIFICATE OF SERVICE

Copies of this Order were served upon attorneys of record on November 5, 2024, by electronic and/or ordinary mail.

s/LaShawn Saulsberry
Deputy Clerk